[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARDAND CROSS-MOTION TO CONFIRM ARBITRATION AWARD
The plaintiff, Textile Technology (Textile) a/k/a The Vermont Cotton Company, a clothing manufacturer, entered into a written contract on June 1, 1993, with the defendant, Seiffer 
Associates (Seiffer), an art agent specializing in licensing artwork on behalf of artists, pursuant to which Seiffer was to "use its best efforts to source, supply and coordinate all the artwork needs" of Textile. The contract provided that all disputes arising out of the agreement were to be settled by arbitration.
On March 10, 1995, following a dispute between itself and Textile, Seiffer exercised its right under the contract to demand arbitration by submitting a demand letter to Textile. In its CT Page 8332 demand for relief, Seiffer sought four items: (1) an order requiring Textile to pay Seiffer $10,369.10 plus interest and costs associated with the arbitration; (2) an order requiring Textile to provide Seiffer with an accounting of its total sales since October, 1994 of soft goods incorporating the artwork supplied by Seiffer during the term of the contract; (3) an order requiring Textile to pay Seiffer a 5 percent agency fee based upon its total sales since October, 1994 of soft goods incorporating the artwork supplied by Seiffer during the term of the contract; and (4) an order requiring Textile to thereafter provide Seiffer with monthly accountings of its total sales of soft goods incorporating the artwork supplied by Seiffer during the term of the agreement, together with payment of the 5 percent agency fee called for under the agreement.
A hearing was held before an arbitrator and, on April 30, 1996, the arbitrator rendered his decision awarding a total of $24,265 to Seiffer. On May 30, 1996, Textile commenced this action by filing an application to vacate the arbitration award on seven grounds. Textile asserts that the arbitrator's award was in violation of General Statutes § 52-418 in that: (1) it was beyond the scope of the arbitration submission; (2) the arbitrator awarded a lump sum to Seiffer without specifying what, if any, damages he awarded with respect to each of the four distinct elements of damages sought by Seiffer; (3) the arbitrator failed to give proper weight to an agreement dated June 1, 1993, between Textile, Seiffer, and one Warren Kimble; (4) the arbitrator refused failed or neglected to consider or assign proper weight to "the fact that SEIFFER breached fiduciary duties to TEXTILE"; (5) the arbitrator failed to assign proper weight to Textile's entitlement to offsets against Seiffer's claims "due to SEIFFER'S breach of fiduciary duties owed to TEXTILE and interference with contractual relationships between TEXTILE and Warren Kimble"; (6) the arbitrator's award "lacked sufficient clarity, itemization, or reference to specific claims set forth in SEIFFER'S submission so that a mutual, final and definite award upon the subject matter was not made"; and (7) the arbitrator's award "contraven[es] . . . public policy in that it condoned and rewarded the conduct of SEIFFER which was in breach of fiduciary duties which SEIFFER owed to TEXTILE."
General Statutes § 52-418 (a) lists certain limited grounds upon which an arbitration award may be vacated: "(1) [i]f the award has been procured ; by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the CT Page 8333 part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (a).
The court has examined the documents submitted by the parties and has heard argument by counsel as to whether the arbitration award should be vacated or confirmed. After careful consideration, this court concludes that Textile has failed to sustain its burden of demonstrating any of the four enumerated grounds upon which an arbitration award may be vacated. Accordingly, the court denies Textile's application to vacate the arbitration award and grants Seiffer's cross-motion to confirm the award.
Stodolink, J.